Filed 10/16/13  P. v. Castillo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAM ANDREW CASTILLO,<br><br>    Defendant and Appellant. | 2d Crim. No. B246054<br>(Super. Ct. No. 1406496)<br>(Santa Barbara County) |

A jury found Adam Andrew Castillo guilty of assault with force likely to cause great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1]  The trial court found true that Castillo suffered three prior felony convictions within the meaning of section 667.5, subdivision (b), specifically, a violation of section 245, subdivision (a)(1) in 1994, a violation of section 4573 in 2001, and a violation of section 273a, subdivision (a) in 2004.

The trial court sentenced Castillo the middle term of three years for the violation of section 245, subdivision (a)(4).  The court struck the 1994 prior conviction

---

[1] All statutory references are to the Penal Code unless otherwise stated.

and added one year each for the two remaining prior convictions, for a total term of five years.  We affirm.

FACTS

On Memorial Day weekend in May 2012 Rudy Hernandez was having a barbecue at his place of business, Rudy's Towing in Santa Maria.  About 30 to 40 people attended, including Castillo and Rudy's brother, Fernando Hernandez.  Castillo had worked for Rudy from time to time.

During the party, Rudy noticed that the sink in the women's bathroom was leaking.  He asked Castillo to fix it.  When Castillo entered the bathroom, he slipped and hit his cheek on the porcelain sink with sufficient force to knock the sink off the wall.  Castillo came out of the bathroom saying, "I hurt my cheek, I hurt my cheek."

Rudy, Fernando and another guest teased Castillo and mocked his crying.  Fernando pointed at Castillo's cheek and said, "If it hurts, then you can cry."

Castillo hit Fernando in the face, knocking him to the ground.  Fernando appeared to be unconscious.  While Fernando was on the ground, Castillo kicked him in the head at least once and as many as four times.  Fernando returned to consciousness in a few minutes.  Paramedics took him to a hospital with a concussion.

DISCUSSION

Castillo's appointed counsel on appeal declared that she reviewed the record and discussed the case with trial counsel.  She found no arguable issues on appeal, and requests that we conduct an independent review pursuant to *People v. Wende* (1999) 25 Cal.3d 436.

Counsel declared that she wrote Castillo on April 9, 2013, explaining her evaluation of the record and advising him of his right to file a supplemental brief within 30 days.  She received no response.  We have received no supplemental brief.

We have conducted an independent review of the record and have found no arguable issues for appeal.

2

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

3

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____


Christina Alvarez Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.